## MARKWELL v. DOWNS Et Al.

No. 2888

May 5, 1930.      287 P. 272.

*G. Gunzendorfer,* for Appellant:

*Andrew L. Haight,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an appeal from an order and judgment of the district court dismissing the action. The court had sustained respondents' demurrer to the complaint, and appellant had declined to amend. While there were other grounds of objection designated in the demurrer, there is but one question presented for determination, and that is as to whether a cause of action is stated in the complaint. The allegations of the complaint which need to be mentioned are as follows:

"That on the 23rd day of March, 1917, plaintiff (appellant here) and her now deceased husband, Paris T. Markwell, were the owners of certain lands and premises and water rights situate in the County of Churchill, State of Nevada, which lands and premises are described as follows, to wit:  *   *   *

"That pursuant to an agreement made and entered into between this plaintiff and her said husband, Paris T. Markwell, and said Fred M. Wightman, a deed of conveyance of said land and premises was, on the 23rd day of March, 1917, made to said Fred M. Wightman in trust to and for the use and benefit of this plaintiff; that said Fred M. Wightman held the mere legal title to said lands and premises and water rights under said deed, and that this plaintiff was at the date of the making and delivery of said deed to Fred M. Wightman, to-wit:  on the 23rd day of March, 1917, and at all times thereafter continued to be the sole and real and beneficial owner thereof; that on or about the 14th day of April, 1926, said Fred M. Wightman, in violation of said trust and his duty thereunder and of said agreement, as aforesaid, without notice to plaintiff and without her knowledge or consent and without any authority or right so to do, granted, bargained, sold and conveyed the said lands and premises together with the water rights thereof and the improvements thereon to Gray, Reid & Co., a corporation, which corporation thereupon entered into possession thereof and has since held said lands and premises, water rights and improvements; that plaintiff was not paid and has never been paid nor has she ever received any sum of money or other consideration whatever for her said property, conveyed as aforesaid by said Fred M. Wightman to said corporation; that the actual value or worth of said lands and premises together with the water rights thereof and the improvements thereon was on the said 14th day of April, 1926, and at all times since has been and now is the sum of $15,000."

Then follows allegations as to the death of Fred M. Wightman on or about the 25th of September, 1927, and

the appointment of one H. L. Nichols on the 8th day of November, 1927, as the executor of his last will and testament, the publication of notice to creditors of the estate of said deceased, the filing of a verified claim against said estate by appellant for $15,000, the alleged value of said lands, water rights, and improvements, and for interest on said sum in the amount of $1,925, and the subsequent rejection of said claim by the executor.

While several points are advanced by respondent against the sufficiency of the complaint, we think that one is decisive thereof, and we will therefore not discuss the others.

A copy of said verified claim is by reference made a part of the complaint. In this claim appears the following statements, to wit: "That at the time of the death of said Fred M. Wightman, said deceased, an action was pending and is now pending brought by this claimant against said Fred M. Wightman and others to establish said trust and to annul said deed of conveyance, made as aforesaid by said Fred M. Wightman, said deceased, to Gray, Reid & Co., a corporation, and to recover said lands and premises, water rights and improvements, with damages and costs as well as for an accounting of the profits derived from said lands and premises; that said action was brought in the district court of the Eighth Judicial District of the State of Nevada, in and for the County of Churchill; and that at this time said action is on appeal to and pending in the supreme court of the State of Nevada; that this claimant presents this claim to the executor of the last will and testament of said Fred M. Wightman, said deceased, in order to preserve her rights and demands and claims against said Fred M. Wightman, said deceased, and his estate, for the value of the lands and premises and water rights and improvements conveyed by said Fred M. Wightman, said deceased, to said Gray, Reid & Co., a corporation, as aforesaid, in violation and disregard of his duty as trustee of and for claimant in respect of said lands and premises,

water rights and improvements, as aforesaid, *should said above mentioned action be finally decided and determined adversely to claimant."* (The italics are ours.)

It thus appears from this part of the complaint that appellant's claim is dependent upon the action mentioned therein being decided adversely to her. She has no claim unless such action is so determined; consequently it was essential to the statement of facts sufficient to constitute a cause of action in the present case to negative a decision favorable to her in the action brought by her against Wightman and the others to establish a trust, to annul said deed of conveyance, and to recover the lands, water rights, and improvements.

The complaint nowhere alleges such a decision and is thus vitally defective. Appellant cannot recover the property and also its value.

■ In view of the circumstances of this case, we deem it not inappropriate to propound this query: Can the appellant, having elected to pursue the property in the event of failing in that suit, maintain an action to recover its value? On this tentative point we cite the following statement of principle: "Where he (cestui que trust) has elected to hold the trustee personally responsible for an improper investment, he cannot afterward follow the trust property into the investment; and on the other hand, if he elects to pursue the trust property, he cannot afterward hold the trustee personally responsible." 39 Cyc. 535.

The judgment of the district court is affirmed.